IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| THOMAS SHIELDS, | |
|---|---|
| Plaintiff, | 8:19CV229 |
| vs. | ORDER |
| JAMES E. HOLTMEYER, in their individual capacities as officers of the Omaha Police Department; and SERGIO G. GUTIERREZ, in their individual capacities as officers of the Omaha Police Department; | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Compel ([Filing No. 33](#)). For the reasons explained below, Plaintiff's Motion will be granted, in part.

### BACKGROUND

This is an action brought pursuant to 42 U.S.C. § 1983 for alleged violations of Plaintiff's constitutional rights. Plaintiff contends that his Fourth and Fourteenth Amendment rights were violated during and following a traffic stop conducted by Omaha Police Officers James Holtmeyer ("Officer Holtmeyer") and Sergio Gutierrez ("Officer Gutierrez") (collectively, "Defendants"). Plaintiff alleges that Defendants stopped his vehicle, seized his person, restrained his freedom, and conducted a body cavity search without reasonable suspicion or probable cause. ([Filing No. 1](#).)

Defendants have asserted qualified immunity as a defense in this action. ([Filing No. 11](#).) Defendants contend that before the traffic stop at issue, they received information from a

confidential informant ("CI") pertaining to drug activity at the residence from which Plaintiff departed prior to the stop.

Plaintiff served Defendants with discovery requests related to the CI, seeking to learn his or her identity, the nature of information allegedly conveyed to Defendants, the timing of such conversations, and whether such communications pertained to Plaintiff. Defendants have not disclosed his or her information asserting the governmental privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Rosario v. United States*, 353 U.S. 53, 59 (1957).

## DISCUSSION

Plaintiff requests an *in camera* review of the CI's identity and all documentary evidence relating to his or her alleged communications with Defendants regarding Mr. Shields. Following review, Plaintiff also wants the Court to enter an order compelling Defendants to produce the documents and identity of the CI, subject to a protective order, and make the CI available for a deposition.

In support of his request for an *in camera* review, Plaintiff relies upon *Ladd v. Martin*, 339 F. App'x 660 (8th Cir. 2009). In *Ladd*, the plaintiff in a § 1983 action filed a motion to compel, seeking information related to a confidential informant who provided information that was used in a search warrant for the plaintiff's home. The district court denied the motion and the Eighth Circuit Court of Appeals reversed. In doing so, the Eighth Circuit addressed the government's privilege against disclosing the identity of a CI. The Eighth Circuit stated that "[w]here the disclosure of a CI's identity, or of the contents of the CI's communication is essential to the fair determination of a cause, the privilege must give way." *Id.* at 660 (quotation omitted). The Eighth Circuit stated that "[a]n in camera review is the appropriate means for the district court to determine whether the CI's identity and communications are essential to [the plaintiff's] claim, while protecting the state's interest in avoiding unnecessary disclosure of the CI's identity." *Id.* at 661.

Defendants have indicated they have already produced the substance and contents of the CI's communications with Officer Holtmeyer. However, the produced items appear to be summaries of the communications. It is unclear to the Court if these documents include all

2

information regarding statements made by the CI to officers regarding Mr. Shields. Therefore, the Court will order *in camera* review of all documentary evidence related to the CI's communications with Defendants regarding Mr. Shields and the circumstances underlying this particular action.

Plaintiff also requests that the Court direct Defendants to reveal the extent to which Defendants intend to rely upon the CI to support their affirmative defense of qualified immunity. The Court will require Defendants to respond to Plaintiff's inquiry because this information may impact the Court's determination as to whether the CI's identity and communications are essential to Plaintiff's claim and/or response to summary judgment.

Because the Court needs the information outlined above to determine if disclosure of the CI's identity is necessary, the Court will not require Defendants to disclose the identity of the CI to the Court at this time. After the Court reviews the information received by Defendants *in camera*, the Court will issue a supplemental order indicating if any further documentation must be produced and if the identity of the CI needs to be revealed.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel ([Filing No. 33](#)) is granted, in part. Defendants shall provide all documentary evidence relating to the CI's alleged communications with Defendants regarding Mr. Shields to the Court for *in camera* review by March 23, 2020. Defendants need not provide the identity of the CI to the Court at this time. Defendants shall also inform the Court of the extent to which they intend to rely upon the CI to support their affirmative defense of qualified immunity. Following review, the Court will issue a supplemental order indicating whether production of the materials and identification of the CI is necessary.

Dated this 9th day of March, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge