IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS SHIELDS,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES E. HOLTMEYER, in their individual capacities as officers of the Omaha Police Department; and SERGIO G. GUTIERREZ, in their individual capacities as officers of the Omaha Police Department;<br><br>Defendants. | 8:19CV229<br><br>**ORDER** |

      This is an action brought pursuant to 42 U.S.C. § 1983 for alleged violations of Plaintiff's constitutional rights. Plaintiff contends his constitutional rights were violated during and following a traffic stop conducted by Omaha Police Officers James Holtmeyer ("Officer Holtmeyer") and Sergio Gutierrez ("Officer Gutierrez") (collectively, "Defendants"). Plaintiff alleges that Defendants stopped his vehicle, seized his person, restrained his freedom, and conducted a strip-search without reasonable suspicion or probable cause. Defendants have asserted qualified immunity as a defense. (Filing No. 11.)

      Plaintiff served Defendants with discovery requests related to information Defendants received from a confidential informant ("CI") prior to the traffic stop at issue seeking to learn the CI's identity. Defendants have not disclosed this information based on the government's privilege "to withhold from disclosure the identity of persons who furnish information of violations of law

to officers charged with enforcement of that law." *Rosario v. United States*, 353 U.S. 53, 59 (1957).

Plaintiff asked the Court to conduct an *in camera* review of the CI's identity and all documentary evidence relating to the CI's alleged communications with Defendants regarding Plaintiff. Plaintiff further asked that, following review, the Court compel Defendants to produce the documents and identity of the CI, subject to a protective order, and make the CI available for a deposition.

On March 9, 2020, the undersigned entered an order directing Defendants to provide all documentary evidence relating to the CI's alleged communications with Defendants regarding Plaintiff to the Court for *in camera* review. (Filing No. 43.) Defendants were also ordered to generally inform the Court, *in camera*, of the extent to which they intend to rely upon the CI to support their affirmative defense of qualified immunity. The Court required this information because it could impact the Court's determination as to whether the CI's identity and communications are essential to Plaintiff's claim and/or response to summary judgment.[1] The order stated that following review, the Court would issue a supplemental order indicating whether identification of the CI is necessary.

## DISCUSSION

The Court has completed its *in camera* review. Defendants represent they have provided Plaintiff with all documents regarding conversations officers had with the CI.[2] The only thing Defendants have not disclosed is the CI's identity.

As stated above. the government has asserted its privilege to withhold disclosure of the identity of the CI. See *Rosario v. United States*, 353 U.S. 53, 59 (1957). The privilege's purpose is "the furtherance and protection of the public interest in effective law enforcement." *Id.* "In most circumstances, the party seeking disclosure is the defendant in a criminal case, who wants the

---

[1] Defendants did not waive the work-product privilege or any other privilege by submitting this information to the Court *in camera*.
[2] Comparing the documents the Court received *in camera* with the documents Defendants included in their response to Plaintiff's Motion to Compel, it does appear Defendants have produced all documents.

informant's identity to assist in his or her defense." *In re Search of 1638 E. 2nd Street, Tulsa, Okla*, 993 F.2d 773, 774 (10th Cir. 1993). However, the privilege is also applicable in civil cases. *Id*. In such cases, the privilege "is arguably stronger . . . because the constitutional guarantees assured to criminal defendants are inapplicable." *Id*. at 775. *See also Elnashar v. Speedway Superamerica, LLC*, 484 F.3d 1046, 1053 (8th Cir. 2007) (stating that "the government's interest is more likely to prevail in civil cases . . . because the countervailing constitutional guarantees assured to criminal defendants are not present").

In determining whether to overrule the government's privilege, the Court must weigh the plaintiff's right to information against the government's privilege in protecting confidential informants' identities. *See Elnashar*, 484 F.3d at 1053. "[A] court should not require disclosure of an informant's identity unless the disclosure is vital to a fair trial." *United States v. Weir*, 575 F.2d 668, 673 (8th Cir. 1978). There is no litmus test for determining when disclosure is required. *United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) (quotations omitted). However, the Eighth Circuit has stated that "one of the most relevant factors to be weighed by the court in determining whether to order disclosure is whether or not the evidence is material to . . . a fair determination of the cause." *United States v. Harrington*, 951 F.2d 876 (8th Cir. 1991) (quotation omitted). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Lapsley*, 334 F.3d at 764 (quotation omitted). "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *Harrington*, 951 F.2d at 878.

Officer Holtmeyer submitted an affidavit in connection with this discovery dispute. (Filing No. 38-1.) Officer Holtmeyer avers that on December 4, 2018, he received information from a reliable, CI who indicated he had recently observed three black males in possession of crack cocaine at a residence located at 3021 Pratt Street. The CI reported that these individuals would be leaving the residence soon, one of whom would be driving a black suburban or Tahoe SUV. Officer Holtmeyer's affidavit states that the CI has been a reliable informant since April of 2015 and has made approximately twelve successful purchases of narcotics under his direction.

3

Officer Holtmeyer's affidavit states that following receipt of this information from the CI, Omaha police officers began surveillance on the residence. Officer Holtmeyer avers that before receiving information from the CI, he was familiar with the residence because he had conducted undercover surveillance on the residence multiple times as part of narcotics investigations. He had also previously received information from other officers regarding narcotics activity at the residence.

While conducting surveillance on the residence, Officer Holtmeyer observed Plaintiff exit the front door of the residence and depart the residence in a black suburban. Officer Holtmeyer's affidavit states that officers followed Plaintiff, observed him commit a traffic violation, and then initiated a traffic stop. Officer Holymeyer's affidavit further states that at some point during the traffic stop, Plaintiff gave officers permission to search the vehicle. During the search, a white flakey substance was found. Officers believed the substance was crack cocaine and Plaintiff was taken into custody. Officers then continued to search the vehicle. Upon completion of the search, officers asked Plaintiff if he would consent to a strip-search. According to the officers, Plaintiff consented to the search. Plaintiff was taken back to police headquarters and subjected to a strip-search.

Having considered the matter, the Court is not convinced the identity of the CI is essential to the fair determination of this action. In this case, the CI was only a tipster. The CI did not witness or participate in the facts at issue. Plaintiff's complaint involves the stop of Plaintiff's vehicle and the facts and circumstances that occurred after Plaintiff's vehicle was stopped by officers. Before the traffic stop, Officer Holtmeyer was already familiar with the residence as he had previously conducted surveillance on the residence as part of narcotics investigations. The residence had also previously been the subject of a search warrant regarding narcotics activity. Further, Officer Holtmeyer had received information from other officers regarding drug activity at the residence. After Plaintiff departed the residence, officers followed Plaintiff, observed a traffic violation and conducted a traffic stop. During the traffic stop, Plaintiff allegedly provided consent to search his vehicle and later allegedly consented to the strip-search. The CI was not involved in the traffic stop, search of the vehicle, or strip-search. Moreover, the government has a strong interest in protecting the CI's identity. Officer Holtmeyer believes the CI's life would be

in danger should he/she be identified. ([Filing No. 38-1](#).) The Court finds the CI's identity is not material or vital to the outcome of this case. There is not a reasonable probability that the result of this proceeding would be different should the CI be identified. Therefore, the Court will not require disclosure of the CI's identity.

**IT IS ORDERED** that Defendants do not have to provide Plaintiff with the identity of the confidential informant. The parties shall confer and submit revised case progression deadlines to [bazis@ned.uscourts.gov](mailto:bazis@ned.uscourts.gov) by May 18, 2020.

Dated this 4th day of May, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge